56724. G & E BUSINESS SERVICES, INC. et al. v. CITY OF WARNER ROBINS.

Submitted October 4, 1978 — Decided November 28, 1978.

*Glenn Zell,* for appellants.
*R. T. Spencer, Sr., R. Joneal Lee,* for appellee.

Deen, Presiding Judge.

The original judgment in the recorder's court was handed down against B.A.S.T. Corp. at a time after it had transferred its interest in the book store which is the subject of this nuisance action. The city at that time made no objection to the procedure used, although it had at the very least constructive knowledge of the alienation of the property because of an action filed by the new lessee, G & E Business Services, Inc., on February 3, 1978, seeking mandamus to require the city to issue it a business license. If the municipality felt that the defendant corporation, as transferor of its interest in the store, had no right to prosecute a certiorari, a fortiori it should not have had judgment entered against it in the first place after it had (if it did) divested itself of its holdings.

However, and meeting the arguments of the appellee, we are influenced by a somewhat analogous case of Bailes v. Guardian Realty Co., 237 Ala. 201 (186 S 168) (1939). Under similar laws regarding the suppression of nuisances, it was held that an action for the abatement of a public nuisance (there the use of the landlord's property by the tenant as a gambling house) is an action quasi in rem, and that where the only relief granted was an injunction against the continued use of the property for such purpose, the owner was a proper defendant, subject to the terms of the injunction, whether or not he had actual knowledge of the illegal use of the premises by the tenant and whether or not he had parted with all control over the premises.

The judgment in this case was that if B.A.S.T., Inc. did not abate the nuisance within 15 days, the business would be closed for a period of 90 days. This judgment was entered *after* G & S Business Services, Inc. apparently purchased the business of Manor Court Adult News and

leased the premises on which it was conducted, retaining its manager Howlett. Again, as stated in Bailes, the purpose of the judgment, and its sole object, are to prevent a continuation of the illegal use of the property. B.A.S.T., Inc. could not by selling or leasing this business, the illegality of which was being litigated at the time, free itself of its duty to abate by substituting another proprietor in its place. A fortiori, the City of Warner Robins, which knowingly procured or allowed a judgment calling for abatement to be entered against B.A.S.T., Inc. after it had transferred or leased its interest, cannot now prevent that defendant from prosecuting its appeal if it so chooses.

It was error to dismiss the appeal. G & E Services, Inc., as the new proprietor, has an interest to protect and may accordingly, if it desires, be added as a party appellant, but such action would not have the effect of releasing the defendants B.A.S.T., Inc. and Howlett.

*Chattahoochee Holdings, Inc. v. Marshall*, 146 Ga. App. 658 (1978), has no relevance to this case. It holds that one who assigns a contractual claim to another as a chose in action has no further legal interest in it. We are here dealing with property designated as a public nuisance because of its illegal use; the consequences of this use, if otherwise legal, cannot be obviated at the whim of the owner by transferring the property to another any more than the owner of an automobile impounded because of its illegal use in hauling contraband could avoid its seizure by selling or leasing it to another during the pendency of an in rem action against the vehicle. Nor can the plaintiff municipality avoid the defendant's right to test the legality of the original judgment declaring the business a nuisance merely because there has been a change of ownership in the meantime.

*Judgment reversed. Smith and Banke, JJ., concur.*